IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                          CASE NO.: 1:05cr40-SPM

YAIMA GONZALEZ,

      Defendant.
_____/

**ORDER GRANTING MOTION TO WITHDRAW PLEA**

      This cause was heard on was heard on February 13, 2007 on Defendant Yaima Gonzalez's Motion to Withdraw Guilty Plea (doc. 383).  Ms. Gonzalez pleaded guilty to a charge of conspiracy to possess with intent to distribute more than 1,000 marijuana plants.  She argues that she should be allowed to withdraw her guilty plea because her former lawyer was operating under an actual conflict of interest that arose from the joint representation of her and co-defendant Eduardo Acosta.[1]

**I.  Background**

      Ms. Gonzalez's former lawyer, Lloyd Vipperman, testified that he

---

[1] Defendant initially claimed that the Court never conducted an inquiry about the propriety of joint representation.  The record shows that the Magistrate Judge Kornblum conducted a thorough inquiry, at which time Defendant was advised of the pitfalls of joint representation and her right to have independent counsel.  Defendant waived any potential conflict.

undertook to represent both Ms. Gonzalez and Mr. Acosta, her common law husband, because he perceived no conflict of interest.  Both Ms. Gonzalez and Mr. Acosta admitted their involvement and cooperated with the Government at their initial contact with law enforcement.  Both gave consistent accounts of their relative roles in the marijuana growing conspiracy.  The investigation by the Government, moreover, revealed facts consistent with the information provided by Ms. Gonzalez and Mr. Acosta.  No conflicting information was discovered.

According to Mr. Vipperman, Mr. Acosta's activities in the conspiracy made him accountable for marijuana plants grown by co-defendants Valle and Valera, which amounted to more than 1,000 marijuana plants.  Mr. Vipperman understood, however, that Ms. Gonzalez had no knowledge of the growing activities of others until after the conspiracy had ended.  Mr. Vipperman believed that during the course of the conspiracy, Ms. Gonzalez only had knowledge of the plants grown by Mr. Acosta, which amounted to less than 1,000 plants.

Ms. Gonzalez did admit to aiding Valle and Valera in purchasing property in the area, which Valle and Valera used for growing marijuana.  Ms. Gonzalez maintained, however, that she was not aware that Valle and Valera were purchasing the property to grow marijuana.  Mr. Vipperman understood that Ms. Gonzalez was not aware at the time the property was purchased of any marijuana growing.

Despite his understanding of Ms. Gonzalez's limited involvement, Mr.

Vipperman advised Ms. Gonzalez to enter a guilty plea to an offense involving more than 1,000 marijuana plants.  The offense is subject to a 10 year minimum mandatory sentence up to a maximum term of life imprisonment.  21 U.S.C. § 841(b)(1)(A).  Mr. Vipperman explained that he advised Ms. Gonzalez to plead guilty because both Ms. Gonzalez and Mr. Acosta were cooperating.  At the time, moreover, Mr. Vipperman had no reason to believe that the Government would reject the position of Ms. Gonzalez and Mr. Acosta as to their relative roles in the offense.

      Mr. Vipperman's actions were not unreasonable.  All of the co-defendants in this case pleaded guilty to a conspiracy involving more than 1,000 plants.  At sentencing, however, the Government acknowledged that most of the co-defendants' activities involved less than 1,000 plants, and the co-defendants were sentenced accordingly.[2]  At the time Ms. Gonzalez entered her guilty plea, Mr. Vipperman believed that she would not actually be held accountable for an offense involving 1,000 marijuana plants.  He also believed that Ms. Gonzalez would receive a substantial assistance motion under 18 U.S.C. § 3553(e), which

---

[2] Co-defendants Daly, Lima-Suarez, Valera, and Valle pleaded guilty to offenses involving more than 1,000 plants, but were sentenced for offenses involving less than 1,000 plants based upon lesser drug amounts established in the presentence investigation reports.  Gomez appears to be in the same position, but has not been sentenced yet.  Only Acosta has been sentenced to an offense involving more than 1,000 plants, but he received a substantial assistance motion (18 U.S.C. § 3553(e)) that freed him from the 10 year minimum mandatory sentence.

CASE NO.: 1:05cr40-SPM

would allow for a departure from the 10 year minimum mandatory sentence.

Before sentencing, Mr. Vipperman learned that the Government received information from a co-defendant that Ms. Gonzalez was aware at the time she assisted Valle and Valera that they intended to use the purchased property to grow marijuana. After an unsuccessful attempt to complete a polygraph examination to demonstrate Ms. Gonzalez's veracity, it became apparent that the Government was not filing a substantial assistance motion on Ms. Gonzalez's behalf and that the Government was taking the position that Ms. Gonzalez's offense involved more than 1,000 plants.

At the sentencing hearing, Mr. Vipperman moved to withdraw from his representation of Ms. Gonzalez. Mr. Vipperman explained that to represent Ms. Gonzalez effectively, he would need to elicit the testimony of Mr. Acosta, who would corroborate Ms. Gonzalez's position as to when she learned about the marijuana growing activities. It would not be in Mr. Acosta's best interests, however, to provide information that was against the Government's position.

Ms. Gonzalez retained another lawyer, Stephen Bernstein, and the Court permitted Mr. Vipperman to withdraw. Ms. Gonzalez now seeks to withdraw her guilty plea.

**II.    Discussion**

A district court may permit the withdrawal of a plea before sentencing if the defendant shows any "fair and just reason." Fed. R. Crim. P. 32(e). Given

the public interest in protecting the right to jury trial, motions to withdraw are construed liberally in favor of the accused.  United States v. Schubert, 728 F.2d 1364, 1365 (11th Cir. 1984).

In evaluating a motion to withdraw, a court should consider, among other things, the four factors set out in United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988).  Those factors are "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea."  Buckles, 843 F.2d at 472.

With regard to the first Buckles factor, Defendant argues that her former lawyer, Lloyd Vipperman, was operating under a conflict of interest that precluded him from providing close assistance of counsel.  Based on Mr. Vipperman's testimony at the evidentiary hearing and the arguments made by the parties, the Court finds that the joint representation created no conflict of interest and had no adverse affect on Mr. Vipperman's performance.

At the time Ms. Gonzalez entered her guilty plea, her interests were aligned with Mr. Acosta's.  Had Mr. Vipperman only represented Ms. Gonzalez, he stated that he still would have advised her to plead guilty based on the information he had at the time.

Entering the guilty plea was reasonable given Ms. Gonzalez's cooperation

with the Government from the outset of the case.  In light of her admissions of guilt, the only possible issue Ms. Gonzalez had for trial was the number of plants involved in Ms. Gonzalez's offense.  This issue, Mr. Vipperman believed, would be resolved in Ms. Gonzalez's favor before sentencing, consistent with the Government's treatment of several co-defendants who pleaded guilty to offenses involving more than 1,000 plants but were actually sentenced for offenses involving less than 1,000 plants.  Entering the guilty plea had the additional benefit to Ms. Gonzalez of a possible substantial assistance motion.

The problem with Ms. Gonzalez's plea did not result from any deficiency of Mr. Vipperman's advice.  Instead, the problem arose because after Ms. Gonzalez entered her plea the Government obtained information indicating that Ms. Gonzalez was not being truthful about when she learned of the marijuana growing activities, which affects the number of plants involved in her offense.  This problem relates to the second factor Buckles factor, whether the plea was knowing and voluntary.

Lack of information can be a basis for setting aside a guilty plea if a defendant can show that having the correct information would have made a difference in her decision to plead guilty.  Schubert, 728 F.2d at 1365.  "[T]he court's discretion should be exercised liberally so as to promote the ends of justice and to safeguard the life and liberty of the accused . . . ."  Id. quoting Bergen v. United States, 145 F.2d 181, 187 (8th Cir. 1944).

CASE NO.: 1:05cr40-SPM

Ms. Gonzalez, when she entered her guilty plea, went through a thorough inquiry by the magistrate judge about the consequences of pleading guilty. In that sense, her plea was knowingly and voluntarily entered. The Government's factual basis for the plea, however, did not contain any information specifically attributing more than 1,000 plants to Ms. Gonzalez.

Had the new information inculpating Ms. Gonzalez for the activities of Valle and Valera been included in the factual basis, or been otherwise made known, Mr. Vipperman stated that he would not have advised Ms. Gonzalez to enter a guilty plea. This new information is critical to the issue of how many plants were involved in Ms. Gonzalez's offense, which is the principal issue Ms. Gonzalez wishes to bring to trial.

"[A]n accused is entitled to withdraw a plea of guilty . . . if it appears that the plea was made under some mistake or misapprehension." Id. Here, it is undisputed that Ms. Gonzalez would not have entered her guilty plea had she had the new information and been aware of the Government's position regarding the number of plants attributed to her.

The Court recognizes that a defendant is not entitled to withdraw her guilty plea simply because she faces a greater sentence than what she anticipated at the time she entered her plea. Williams v. United States, 192 F.2d 39 (5th Cir. 1951) (a defendant's surprise or disappointment over his sentence does not justify allowing withdrawal of a guilty plea); United States v. Bradley, 905 F.2d

359, 360 (11th Cir. 1990) (same).  In this case, however, Ms. Gonzalez was lacking essential facts that were necessary to show that she was actually guilty of an offense involving more than 1,000 marijuana plants.  She did not admit to these facts at the time she entered her plea.  In fairness and justice, if these facts are essential to finding that Ms. Gonzalez's offense involved more than 1,000 marijuana plants (triggering a 10 year minimum mandatory sentence up to a maximum of life), Ms. Gonzalez should be allowed to test these facts at trial.

The third Buckles factor is whether judicial resources would be conserved by allowing the defendant to withdraw her guilty plea.  This factor weighs in favor of allowing Ms. Gonzalez to withdraw her plea.  As the United States Supreme Court has made clear through precedents starting with Apprendi v. New Jersey, 530 U.S. 466 (2000), "other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Apprendi, 530 U.S. at 490.

In this case, serious problems may result if the Court proceeds to sentence Ms. Gonzalez to an offense involving more than 1,000 plants based on facts revealed after her plea.  Ms. Gonzalez did not admit to these facts at the time she entered her plea.  The factual basis for the plea contained no specific information to attribute more than 1,000 marijuana plants to Ms. Gonzalez.

Ms. Gonzalez should be permitted to challenge the facts which the Government believes makes her accountable for an offense involving more than

CASE NO.: 1:05cr40-SPM

1,000 marijuana plants.  As <u>Apprendi</u> dictates, the appropriate forum for making that challenge is a jury trial–not at a sentencing hearing before this Court.

The final <u>Buckles</u> factor is whether the Government would be prejudiced if the defendant were allowed to withdraw her plea.  There is no indication that the Government would suffer prejudice.

Having considered all of the <u>Buckles</u> factors and the circumstances surrounding Ms. Gonzalez's guilty plea, the Court finds fair and just reasons for allowing Ms. Gonzalez to withdraw her guilty plea.  "A public interest exists in protecting an accused's right to a jury trial."  <u>Schubert</u>, 728 F.2d at 1365.  A motion to withdraw "should be construed liberally in favor of the accused when the motion to withdraw is made before sentencing."  <u>Id.</u>

Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. Defendant's Motion to Withdraw Guilty Plea (doc. 383) is granted.

2. The sentencing hearing set for March 5, 2007 is cancelled.

3. Trial is scheduled for 8:30 a.m. on April 2, 2007 at the United States Courthouse in Gainesville, Florida.

DONE AND ORDERED this 2nd day of March, 2007.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

CASE NO.: 1:05cr40-SPM